**156**

**UTAH STATE ROAD COMMISSION,**
*Plaintiff and Appellant,*

v.

**Earl SAMPSON et al., Defendants and Respondents.**

**No. 14323.**

Supreme Court of Utah.

May 13, 1976.

Vernon B. Romney, Atty. Gen., Harold D. Mitchell, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Brant H. Wall, Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

The State appeals from a jury verdict rendered in a condemnation action. We affirm the verdict and award costs to defendants Sampson, hereafter Sampson.

The State condemned 3.21 acres of a 6.-96-acre tract, on which Sampson conducted a dairy. The taking cut a broad swath through the center of the tract and the improvements on it, leaving comparatively useless parcels on each side. The jury returned the following verdict:

| | |
|---|---|
| Market value of property taken by the State | $16,050.00 |
| Damages, if any, to remaining land and improvements by reason of severance | 46,950.00 |
| Total judgment ......... | $63,000.00 |

The State concedes the amount for severance damages was supported by substantial evidence; but claims the amount awarded for the property taken was excessive, and contrary to the clear preponderance of the evidence. For that reason, reversal of the verdict is asked.

Testimony as to value of the land and improvements taken was given by two experts for the State, one for Sampson. Sampson testified as to the value of the land.

The State's evidence valued the land at $8,025, and $7,062; the improvements at $2,637. The expert for Sampson gave a figure of $8,025 for the land, and $4,387 for the improvements. Sampson set a value of $5,000 per acre, without assigning a separate value for the improvements taken or damaged.

There was credible evidence the depreciated value of the improvements was $12,096. Excluding improvements not taken and including only 40 per cent of the lounging sheds and manger (60 per cent to severance damage), the value of the depreciated improvements was $8,228.40.

The State claims that the jury ignored the testimony of the experts and chose the self-serving testimony of the landowner. There is no merit to this claim. If this argument were accepted, it would mean that the jury had evaluated the improvements taken as worth $50, contrary to the evidence. It would be a matter of sheer speculation to determine the separate values assigned by the jury to the land and improvements taken in reaching the sum of $16,050.

Although there is a substantial basis in the evidence to sustain the landowner's valuation of his property, the verdict of the jury is not indicative that his claim was accepted. If the fair market value of the land taken were valued at $2,500 an acre, then the jury assigned the sum of $8,050 as the value of the improvements taken. If the fair market value of the land were $2,200 an acre, the jury would have assessed the value of the improvements taken at $9,010. The record is replete with testimony concerning the replacement cost and the depreciated values of the improvements taken. A cursory review of the record reveals substantial evidence to sustain the award of the jury of $16,050 as the market value of the property taken.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.